**WAJDA LAW GROUP, APC**
Nicholas M. Wajda (Cal. Bar No. 259178)
3111 Camino Del Rio North
Suite 400
San Diego, California 92108
+1 310-997-0471
nick@wajdalawgroup.com

*Attorney for the Plaintiff*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEVON Q. PITTS,<br><br>Plaintiff,<br><br>v.<br><br>MIDLAND CREDIT MANAGEMENT, INC.,<br><br>Defendant. | Case No. **'21CV0971 MMA MSB**<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 *ET SEQ*.**<br><br>JURY TRIAL DEMANDED |

**NOW COMES** DEVON Q. PITTS, through undersigned counsel, complaining of MIDLAND CREDIT MANAGEMENT, INC., as follows:

### NATURE OF THE ACTION

1. This action is seeking redress for Defendant's violation(s) of the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692 *et seq*.

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue in this district is proper under 28 U.S.C. § 1391(b)(1).

### PARTIES

4. DEVON Q. PITTS ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Atlanta, Georgia.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

1

6. MIDLAND CREDIT MANAGEMENT, INC. ("Defendant" or "MCM") is a corporation organized under the laws of Georgia.

7. MCM has its principal place of business at 350 Camino De La Reina, Suite 300, San Diego, California 92108.

8. MCM is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as the principal purpose of MCM's business is the collection of debt.

9. MCM is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as it regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

**FACUTAL ALLEGATIONS**

10. At some point, Plaintiff applied and was approved for a line of credit with Credit One Bank ("Credit One").

11. The line of credit with Credit One was used to incur items for household or personal use.

12. Due to unforeseen circumstances, Plaintiff was unable to meet his obligation with Credit One.

13. At the time of default, Plaintiff owed approximately $1,000.00 to Credit One ("subject debt").

14. The subject debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

15. Upon non-payment, Defendant obtained the subject debt for collection.

16. On or around February 2021, Plaintiff started to receive phone calls from Defendant regarding the subject debt.

17. On or around March of 2021, Plaintiff notified Defendant that he will need some time to make a payment and he requested the collection calls to stop.

2

18. Unfortunately, Plaintiff continues to receive unwanted and unconsented to collection calls from Defendant.

19. Defendant has placed no less than 20 unwanted and unconsented to collection calls to Plaintiff from numbers including, but not limited to (877) 284-4847 and (248) 352-3271, since Plaintiff requested that the calls ceased.

20. Concerned with having had his rights violated, Plaintiff retained counsel to stop Defendant's harassing collection practices.

## DAMAGES

21. Defendant's harassing phone calls have severely disrupted Plaintiff's everyday life and overall well-being.

22. Defendant's phone calls have caused Plaintiff actual harm, including but not limited to: aggravation that accompanies persistent and unwanted phone calls; anxiety; emotional distress; increased risk of personal injury resulting from the distraction caused by the phone calls; wear and tear to Plaintiff's cellular phone; intrusion upon and occupation of Plaintiff's cellular telephone; temporary loss of use of Plaintiff's cellular phone; invasion of privacy; loss of battery charge; loss of concentration; mental anguish; nuisance; the per-kilowatt electricity costs required to recharge Plaintiff's cellular telephone as a result of increased usage of Plaintiff's telephone services; and wasting Plaintiff's time.

23. Moreover, each time Defendant placed a telephone call to Plaintiff's cellular phone, Defendant occupied Plaintiff's cellular phone such that Defendant was unable to receive other phone calls or otherwise utilize his cellular telephone while his phone was ringing.

24. Concerned with Defendant's abusive debt collection practices, Plaintiff retained counsel to file this action to compel Defendant to cease its abusive conduct.

## CLAIMS FOR RELIEF

## COUNT I:
### Violations of the Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*)

25. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### Violations of FDCPA §§1692c(a)(1)`

26. Section 1692c of the FDCPA regulates communication in connection with debt collection.

27. Specifically, §1692c(a)(1) states that "without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt – at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. . ."

28. Defendant violated §§1692c and c(a)(1) when it knowingly placed phone calls to Plaintiff during times that it knew to be inconvenient to Plaintiff.

29. Specifically, because Plaintiff had requested that the phone calls cease, any time that Defendant contacted Plaintiff would be an inconvenient time.

30. Despite Plaintiff's numerous instructions to cease contact, Defendant continued to harass Plaintiff with phone calls.

### Violations of 15 U.S.C. § 1692d

31. Section 1692d of the FDCPA provides:

[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

>     (5)   Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

32. Defendant violated 15 U.S.C. §§ 1692d and d(5) by placing numerous collection call(s) to Plaintiff after Plaintiff requested that the phone calls cease.

33. Specifically, Defendant placed at an estimated 20 unwanted and consented to collection calls to Plaintiff after Plaintiff requested that the phone calls cease.

**WHEREFORE**, Plaintiff, DEVON Q. PITTS, requests the following relief:

A. a finding that Defendant violated 15 U.S.C. §§1692;

B. an award of any actual damages sustained by Plaintiff as a result of Defendant's violation(s);

C. an award of such additional damages, as the Court may allow, but not exceeding $1,000.00;

D. an award of costs of this action, together with a reasonable attorney's fee as determined by this Court; and

E. an award of such other relief as this Court deems just and proper.

### DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

DATED: May 21, 2021                                Respectfully submitted,

**DEVON Q. PITTS**

By: */s/ Nicholas M. Wajda*

Nicholas M. Wajda
**WAJDA LAW GROUP, APC**
3111 Camino Del Rio North
Suite 400
San Diego, California 92108
+1 310-997-0471
nick@wajdalawgroup.com